**Rong Wei TAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72221.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2004.

Decided July 28, 2004.

Steve W. Baughman, Baughman & Wang, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Norah Ascoli Schwarz, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM *

Petitioner Rong Wei Tan sought asylum, withholding of removal, and protection under the Convention Against Torture (CAT). An immigration judge (IJ) found him statutorily ineligible for asylum or withholding because he "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. §§ 1101(a)(42),

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**124**

1158(b)(2)(A)(i), & 1231(b)(3)(B)(i), and also found him ineligible for CAT relief. The Board of Immigration Appeals (BIA) affirmed with respect to asylum and withholding, but reversed with respect to, and granted, CAT relief. Tan petitions for review of the BIA's determination that he is ineligible for asylum and withholding.

Tan had the burden of proving his status as a "refugee" under § 1101(a)(42). *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1072 (9th Cir.2004). Once his asylum application and interview raised concerns about whether he was ineligible for refugee status because he had participated or assisted in persecution, he had the burden of proving that he had not done so. 8 C.F.R. §§ 1208.13(a), (c).

Tan does not challenge the IJ's credibility findings. Substantial evidence supports the IJ's determination that Tan "assisted in ... [the] persecution of persons in the People's Republic of China." Notwithstanding possible defects in the translation of some of Tan's supporting documents or at his initial asylum interview, Tan's proffered translation of his initial statement, his testimony before the IJ, and the State Department's *Profile of Asylum Claims and Country Conditions* provide substantial evidence to support the IJ's conclusion. *See Lopez–Alvarado v. Ashcroft,* 371 F.3d 1111, 1115 (9th Cir.2004) (explaining substantial evidence standard). Tan testified extensively about his positions, over the course of more than a decade, within a police unit that, as he explained, surveilled, arrested under false pretenses, and detained persons on the basis of their political opinions. Even if all of the evidence he challenged was disregarded, there was substantial evidence to conclude that Tan supervised some individuals who conducted surveillance of political dissidents and provided the information obtained to others, who used it to persecute them. Therefore, we may not overturn the BIA's determination that Tan is statutorily ineligible for asylum or withholding of removal.

The BIA's grant of CAT relief is not before us and remains in place.

**PETITION FOR REVIEW DENIED.**